UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| TERIZA SHEHATOU, INDIVIDUALLY, CINDY LOUKA P.P.A. TERIZA SHEHATOU AND SALLY LOUKA P.P.A. TERIZA SHEHATOU, <br>     Plaintiffs <br><br> v. <br><br> CHERYL L. SCHARDT, JAY A. HOPKINS, P. KEYBURN HOLLISTER, JOHN R. GOBEL, ALLSTATE INSURANCE COMPANY and COMMERCE INSURANCE COMPANY, <br>     Defendants | ) ) ) ) ) ) ) ) ) ) ) ) )    Docket No. *05-30195-KPN* |

## COMPLAINT

### PARTIES

1.    Plaintiff Teriza Shehatou, M.D. (hereinafter "Shehatou") is an individual citizen of the State of New York, residing in Baldwinsville, Onondaga County, New York.

2.    Plaintiff Cindy Louka is a minor whose date of birth is February 13, 1994, and is an individual citizen of the State of New York, residing with her mother, Teriza Shehatou, in Baldwinsville, Onondaga County, New York, and brings this action by and through her mother.

3.    Plaintiff Sally Louka is a minor whose date of birth is April 20, 1997, and is an individual citizen of the State of New York, residing with her mother, Teriza Shehatou, in Baldwinsville, Onondaga County, New York, and brings this action by and through her mother.

4.    Defendant Cheryl L. Schardt (hereinafter "Schardt") is an individual citizen of the State of Connecticut, residing in Bolton, Tolland County, Connecticut.

5.    Defendant Jay A. Hopkins (hereinafter "Hopkins") is an individual citizen of the Commonwealth of Massachusetts, residing in Pittsfield, Berkshire County, Massachusetts.

6.    Defendant P. Keyburn Hollister (hereinafter "Hollister") is an individual who resides in Pittsfield, Berkshire County, Massachusetts.

7.    Defendant John R. Gobel (hereinafter "Gobel") is an individual who resides in Pittsfield, Berkshire County, Massachusetts.

8.    Upon information and belief, defendant Allstate Insurance Company (hereinafter "Allstate") is a foreign corporation organized and existing under the laws of the State of Illinois with its principle place of business located at Sanders Road, Suite H1A, Northbrook, Cook County, Illinois.

9.    Upon information and belief, defendant Commerce Insurance Company (hereinafter "CIC") is a Massachusetts company organized and existing under the laws of the Commonwealth of Massachusetts with its principal place of business located at 211 Main Street, Webster, Worcester County, Massachusetts.

## JURISDICTION AND VENUE

10.    Subject matter jurisdiction is predicated upon diversity of citizenship as set forth in 28 USC § 1332 and the matter in controversy exceeds $75,000, exclusive of interest and costs.

11.    Venue is proper in the District of Massachusetts, pursuant to 28 USC § 1391(a)(2), because it is the judicial district in which a substantial part of the events or omissions giving rise to the claim occurred.

## FACTS

12.    On or about May 21, 2003, an automobile accident occurred at or near the intersection of East Housatonic Street and Wendell Avenue in Pittsfield, Berkshire County, Massachusetts (hereinafter "the Accident") when a motor vehicle owned by Schardt, operated by Hopkins and insured by Allstate (hereinafter "the Schardt Vehicle") was involved in a collision

2

with a vehicle owned by Hollister, operated by Gobel and insured by CIC (hereinafter "the Hollister Vehicle").

13.    At said time and place, Hopkins was operating the Schardt Vehicle with Schardt's knowledge and/or permission.

14.    At said time and place, Hopkins was negligent in the operation of the Schardt Vehicle.

15.    At said time and place, Gobel was operating the Hollister vehicle with Hollister's knowledge and/or permission.

16.    At said time and place, Gobel was negligent in the operation of the Hollister Vehicle.

17.    At the time of the Accident, Shehatou was a restrained passenger in the rear passenger-side seat of the Hollister Vehicle.

## COUNT I
### (Shehatou - Negligence)

18.    Plaintiffs restate and incorporate herein by reference the averments set forth in paragraphs 1 through 17 above.

19.    As a proximate result of defendant Hopkins' and Gobel's negligence, Shehatou sustained personal and permanent injuries, suffered great pain of body and mind, incurred substantial medical expenses, and suffered a loss of earning capacity.

WHEREFORE, plaintiff Teriza Shehatou demands judgment against defendants Hopkins, Gobel, Hollister and Schardt, and each of them, in an amount equal to the actual damages suffered, together with interest, costs and any and such other relief as this Court deems appropriate.

3

## COUNT II
### (Cindy Louka)
### (Loss of Parental Consortium)

20.    Plaintiffs restate and incorporate herein by reference the averments set forth in paragraphs 1 through 17 above.

21.    As a proximate result of the bodily injury sustained by Shehatou as a result of the Accident, Cindy Louka has suffered a loss of parental consortium.

WHEREFORE, plaintiff Cindy Louka demands judgment against defendants Hopkins, Gobel, Hollister and Schardt, and each of them, in an amount equal to the actual damages suffered, together with interest, costs and any and such other relief as this Court deems appropriate.

## COUNT III
### (Sally Louka)
### (Loss of Parental Consortium)

22.    Plaintiffs restate and incorporate herein by reference the averments set forth in paragraphs 1 through 17 above.

23.    As a proximate result of the bodily injury sustained by Shehatou as a result of the Accident, Sally Louka has suffered a loss of parental consortium.

WHEREFORE, plaintiff Sally Louka demands judgment against defendants Hopkins, Gobel, Hollister and Schardt, and each of them, in an amount equal to the actual damages suffered, together with interest, costs and any and such other relief as this Court deems appropriate.

## COUNT IV
### (Shehatou v. Allstate and CIC)

24.    Plaintiffs restate and incorporate herein by reference the averments set forth in paragraphs 1 through 17 above.

4

25.    Allstate and CIC are engaged in trade and commerce within the scope of G.L. c. 93A.

26.    Allstate and CIC are engaged in the business of insurance pursuant to G.L. c. 176D.

27.    On or about February 11, 2005, Shehatou's counsel sent a demand letter to Allstate and CIC in an attempt to settle the claim.

28.    On or about May 5, 2005, Shehatou's counsel sent correspondence to Allstate and CIC in an attempt to settle the claim and reminding Allstate and CIC of their obligations under G.L. c. 93A and 176D.

29.    On or about June 2, 2005, approximately four months after the demand of Shehatou's counsel, an offer of settlement was finally made.

30.    On or about July 18, 2005, Shehatou's counsel sent a demand letter pursuant to G. L. c. 93A and 176D to Allstate and CIC. (See correspondence dated July 18, 2005, hereto attached as Exhibit A.)

31.    On or about August 1, 2005, Allstate responded to the demand letter. (See correspondence dated August 1, 2005, hereto attached as Exhibit B.)

32.    On or about August 15, 2005, CIC responded to the demand letter. (See correspondence dated August 15, 2005, hereto attached as Exhibit C.)

33.    Allstate and CIC have violated G.L. c. 176D, § 3(9) through, *inter alia*, failing to effectuate a prompt, fair and equitable settlement of the claims of Shehatou and her minor children in which liability has become reasonably clear.

34.    As a direct and proximate result of Allstate's and CIC's deceptive and unfair trade practices, Shehatou has suffered damages, including the loss of use of her settlement funds.

5

WHEREFORE, plaintiff Teriza Shehatou demands judgment against defendants Allstate Insurance Company and Commerce Insurance Company for compensatory damages, doubled or trebled pursuant to G. L. c. 93A, § 9(3), interest and costs of suit, including reasonable attorneys' fees pursuant to G. L. c. 93A, § 9(4), and any and all such other relief as this Court deems just.

PLAINTIFFS DEMAND A TRIAL BY JURY ON ALL ISSUES SO TRIABLE

Dated:     8-31-05

THE PLAINTIFFS

By their attorneys,

Chris S. Dodig
BBO No. 556628
For Donovan & O'Connor, LLP
1330 Mass MoCA Way
North Adams, MA 01247
Tel. (413) 663-3200
Fax (413) 663-7970

CSD/BDL:jll:lac

# EXHIBIT A



## DONOVAN & O'CONNOR, LLP

### Attorneys and Counselors at Law

1330 Mass MoCA Way
North Adams, Massachusetts 01247
413.663.3200
fax: 413.663.7970

Philip H. Grandchamp
Donald W. Goodrich‡
John D. Lanoue
J. Norman O'Connor, Jr.
Janice J. Cook
David B. Mongue‡
Chris S. Dodig**‡
Gordon P. Black‡‡
Stephen N. Pagnotta
Danielle D. Fogarty**‡

AS. ..ATES
James R. Loughman
Michael R. Palmieri**
Stephen F. Narey
Brigid M. Hennessey**
Amy E. Palmer
Michael R. Berube
Buffy D. Lord

SENIOR COUNSEL
J. Norman O'Connor

OF COUNSEL
John I. Curtin
Cecil Driver

**Also admitted NY
‡ Also admitted VT
‡‡ Admitted VT only

VERMONT OFFICE:
116 South Street
P.O. Box 1033
Bennington
Vermont 05201-1033
802.442.3233
fax: 802.447.2970

email: mail@docatty.com
EIN 04-2198966

July 18, 2005

Ms. Terresa Sharp
Allstate Insurance Company
Connecticut Casualty Office
74 Batterston Road
Farmington, CT 06032

Ms. Keryn McKeon
Commerce Insurance Company
11 Gore Road
Webster, MA 01570

Re:  Your Insured:     Cheryl Schardt          P. Keyburn Hollister
     Your Claim No.: 3963640613              RW8771-MCM265
     Our Client:        Teriza (Louka) Shehatou   Teriza (Louka) Shehatou
     Date of Loss:     May 21, 2003             May 21, 2003

Dear Ms. Sharp and Ms. McKeon:

As you are aware from our previous correspondence, including the correspondence dated February 11, 2005 (attached hereto and incorporated by reference herein), this office represents Dr. Teriza (Louka) Shehatou with regard to injuries she sustained arising out of a motor vehicle collision that occurred at or near the intersection of East Housatonic Street and Wendell Avenue in Pittsfield, Massachusetts, on May 21, 2003. We are writing to advise you that we believe Allstate Insurance Company and Commerce Insurance Company have violated G.L. c. 93A and 176D. This is a formal demand letter sent to both companies pursuant to G.L. c. 93A, § 9.

The collision occurred when a motor vehicle owned by Allstate Insurance Company's insured, Cheryl Schardt, and operated by Jay Hopkins was involved in a collision with a vehicle owned by, Commerce Insurance Company's insured, P. Keyburn Hollister and operated by John Gobel. At the time of the collision, Teriza Shehatou, M.D. was a seat-belted passenger in the rear seat of the vehicle owned by Hollister. Our conclusion is that both drivers bear some responsibility for this accident and are therefore jointly and severally liable for the damages suffered. We understand that the Hollister policy limit is $300,000 and the Hopkins policy limit is $100,000.

As a result of the collision, Dr. Shehatou was knocked unconscious for a brief period of time. Immediately following the collision, Dr. Shehatou was transported via ambulance to the emergency department at Berkshire Medical Center. Among other things, the emergency department records revealed that Dr. Shehatou was unable to recall the collision and that there was evidence that she had struck her head. Dr. Shehatou's complaints of pain in her right

Mr. Jason Wieczorek
Allstate Insurance Company
Mr. Philip Curry
Commerce Insurance
July 18, 2005
Page 3

Dr. Shehatou treated with Chiropractic Care of Granby, Connecticut, on August 16, 2003, complaining of constant pain to her right shoulder, neck and upper back. A physical examination was performed at this time and confirmed Dr. Shehatou's injuries. Dr. Shehatou was referred to physical therapy in an attempt to alleviate her symptoms. From August 16, 2003, through January 10, 2004, Dr. Shehatou treated with Chiropractic Care of Granby thirteen times. Dr. Shehatou's continued complaints of shoulder, neck and back pain were noted on her final day of physical therapy treatment.

On January 12, 2004, Dr. Shehatou treated with Michael A. Miranda, M.D., of Orthopedic Associates of Hartford. Dr. Shehatou presented with an eight-month history of right shoulder pain. **It was noted that her right shoulder injury limited her ability to function both in her personal and professional endeavors.** Dr. Miranda's impression was that Dr. Shehatou was suffering from a partial rotator cuff tear with persistent pain. Dr. Miranda scheduled Dr. Shehatou for surgery at Hartford Hospital to repair her rotator cuff.

On February 13, 2004 (9 months after the accident), Dr. Shehatou presented at Hartford Hospital for **arthroscopic surgery** to repair her right rotator cuff tear. Upon completion of the surgery, Dr. Shehatou was given a prescription for Vicodin to take as needed. She was instructed to follow up with Dr. Miranda's office.

Dr. Shehatou followed up with Dr. Miranda on February 23, 2004. Dr. Miranda noted that Dr. Shehatou continued to experience marked limitation in her range of motion and that her wounds were healing well. Dr. Miranda recommended that Dr. Shehatou continue to work on her passive range of motion and external rotation and to follow up in five weeks for re-evaluation.

On March 29, 2004, Dr. Shehatou treated with Dr. Miranda as a follow up to her rotator cuff repair. Dr. Miranda noted that Dr. Shehatou was experiencing persistent pain anteriorly. At this time, Dr. Shehatou was instructed to begin treatments focusing on strength and range of motion. From January 12, 2004, through November 24, 2004, Dr. Shehatou underwent physical therapy at Orthopedic Associates of Hartford twenty-nine times. Significantly, Dr. Shehatou developed tendonitis over the course of her treatment. Further, on her last day of treatment, Dr. Shehatou continued to suffer residual discomfort in her shoulder. At that time, Dr. Shehatou was instructed to continue an independent exercise program to improve strength and range of motion and to follow up with the office as her symptoms required.

# EXHIBIT B

**Allstate**
You're in good hands.

CONNECTICUT CASUALTY
74 BATTERSON PARK ROAD
FARMINGTON  CT 06032-2565

DONOVAN & O CONNOR LLP
1330 MASS MOCA WAY
NORTH ADAMS  MA 01247-2453

August 01, 2005

INSURED: CHERYL SCHARDT
DATE OF LOSS: May 21, 2003
CLAIM NUMBER: 3963640613 DRT
Your client: Teriza Shehatou

PHONE NUMBER: 800-726-2235
FAX NUMBER: 860-676-4106
OFFICE HOURS: Mon - Fri 8:00am - 5:30pm

Dear Chris Dodig,

I am in receipt of your letter dated July 18, 2005 in which you alleged violation of G.L.c. 93A and 176D.  We deny any violation of any Massachusettes General Laws.

I have spoken to Ms. Keryn McKeon of Commerce Insurance Company and have evaluated and agreed that this claim is worth a total of $36,400.00.  This would be $18,200.00 from each company.  This offer has previously been extended to you.

If you have any questions feel free to call.

Sincerely,

*ROBERT TAYLOR*

ROBERT TAYLOR
860-284-2324
Allstate Property and Casualty Insurance Company

GEN1001

3963640613 DRT

# EXHIBIT C



# Commerce Insurance

### The Commerce Insurance Company
### Citation Insurance Company
*Members of The Commerce Group, Inc.*
11 Gore Road, Webster, Massachusetts 01570    (508) 949-1500
www.commerceinsurance.com

**CLAIMS DEPT.**

August 15 2005


Attorney Chris Dodig
1330 Mass MoCA Way
North Adams, MA 01247


RE:    Insured:  P Keyburn Hollister
       File #:  RW8771 -
Date of Loss:  5/21/2003
    Claimant:  Teriza ( Louka) Shehatou


Dear Attorney Dodig :

This letter is in response to your correspondence of 7/19/05 which alleges that
Commerce Insurance Company has violated Massachusetts General Laws, Chapter
93A and 176D. Without waiving our right to contest the adequacy of your demand letter,
should this matter be litigated, we take this opportunity to respond.

On 5/22/03, Commerce Insurance Company was notified of this motor vehicle accident.
Your client was a passenger in our insured's vehicle. As a result of our liability
investigation, it was deemed that our insured was not 100% at fault for this accident.
We placed Allstate Insurance Company on notice for joint tort feasor contribution as the
insurer for Cheryl Schardt. Allstate is in agreement with our liability assessment and
they are contributing 50% towards the settlement of Ms. Shehatou's Bodily Injury claim.
The Part 5 Optional Bodily Injury coverage for Commerce Insurance Company is
$250,000/$500,000 and for Allstate it is $100,000/$300,000.

We were in receipt of your demand package dated 2/11/05. As indicated, the prior
adjuster was out on a leave of absence and the file had been transferred to me for
further handling. We had requested copies of your client's primary care physician's
records from Berkshire Care. The records of Dr. Bruce Renfrew were received on
5/5/05. On 6/2/05, we faxed a letter of response to your letter of 5/5/05 in which you
cited impressions of possible 93A/176D violations. This letter of 6/2/05 included an offer
of settlement of $17,095.58. This offer reflected 50% of the total value of the claim
since we had not received a response from Allstate Insurance Company as to their
evaluation and range of settlement.

On 6/30/05, in response to your follow up letter of 6/7/05 in which you again noted
possible 93A/176D violations, we were able to speak with the claims representative at
Allstate Insurance Company who concurred with our evaluation range. Based on further
review of our evaluation, and in the spirit of compromise, we agreed to increase our

Insured: P Keyburn Hollister
File #:  RW8771

August 8, 2005
Page 2

offer to reflect a combined offer at 100% of $36,400.00. We then received your latest letter of 7/19/05 in which allegations of possible 93A/176D violations are mentioned.

Your letter of 7/19/05 specifically cites violations of G.L. C.93A, section 2 and section 3(9).  We have made offers of settlement on several occasions to you in writing. We do not feel that Commerce Insurance Company has failed to effectuate a "prompt, fair and equitable settlement" as put forth in your latest letter. We have conducted a careful review of the medical records, medical bills and specials involved in this case and we disagree as to the value of the claim. We felt that your demands of $195,000.00 and now of $150,000.00 are not reasonable, and we have a valid disagreement over the overall value of this claim. As stated verbally, we have had this claim reviewed by staff at both Commerce Insurance Company and of Allstate Insurance Company. We feel that our evaluation and subsequent offers of settlement have been fair and made in good faith.

In addition, your letter of 7/19/05 informs us that your client's two children are now asserting loss of parental consortium claims. We do not have the information that would form the basis for your assertion that "each of these claims is worth $10,000.00". If you have information that you would like to provide us for review regarding these alleged loss of consortium claims, we would be glad to review this information.

We again reiterate our combined offer with Allstate Insurance Company of $36,400.00, ( at 100%), and if there is additional information that you would like us to review, please forward this to my attention. We would like to resolve this claim with you, but unfortunately we are very far apart in our evaluation of this claim.

We request that if suit is filed as indicated, please forward a courtesy copy of the complaint.

We see no violations of M.G.L. Chapters 93A and 176D and section 2 and section 3(9). We hope this letter will clarify our position and answer any questions you may have regarding this matter. If you have any questions and would like to discuss this matter further, please contact me at extension 5537.

If you have any questions, please contact me at 1-800-221-1605, ext. 5537.

Sincerely,
THE COMMERCE INSURANCE COMPANY

Keryn McKeon
Consultant

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
TERIZA SHEHATOU, INDIVIDUALLY, CINDY LOUKA P.P.A. TERIZA SHEHATOU AND SALLY LOUKA P.P.A. TERIZA SHEHATOU

**(b)** County of Residence of First Listed Plaintiff **Onondaga County**
(EXCEPT IN U.S. PLAINTIFF CASES) **(New York)**

**(c)** Attorney's (Firm Name, Address, and Telephone Number)
Chris S. Dodig, Esq.
Donovan & O'Connor, LLP
1330 Mass MoCA Way, North Adams, MA 01247

## DEFENDANTS
CHERYL L. SCHARDT, JAY A. HOPKINS, P. KEYBURN HOLLISTER, JOHN R. GOBEL, ALLSTATE INSURANCE COMPANY AND COMMERCE INSURANCE COMPANY

County of Residence of First Listed
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

Attorneys (If Known)

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

- [ ] 1 U.S. Government Plaintiff
- [ ] 2 U.S. Government Defendant
- [ ] 3 Federal Question (U.S. Government Not a Party)
- [X] 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | [ ] 1 | [X] 1 | Incorporated or Principal Place of Business In This State | [ ] 4 | [X] 4 |
| Citizen of Another State | [X] 2 | [X] 2 | Incorporated and Principal of Business In Another State | [ ] 5 | [X] 5 |
| Citizen or Subject of a Foreign Country | [ ] 3 | [ ] 3 | Foreign Nation | [ ] 6 | [ ] 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| [ ] 110 Insurance | **PERSONAL INJURY** | [ ] 610 Agriculture | [ ] 422 Appeal 28 USC 158 | [ ] 400 State Reapportionment |
| [ ] 120 Marine | [ ] 310 Airplane | [ ] 620 Other Food & Drug | | [ ] 410 Antitrust |
| [ ] 130 Miller Act | [ ] 315 Airplane Product Liability | [ ] 625 Drug Related Seizure of Property 21 USC 881 | [ ] 423 Withdrawal 28 USC 157 | [ ] 430 Banks and Banking |
| [ ] 140 Negotiable Instrument | **PERSONAL INJURY** | [ ] 630 Liquor Laws | | [ ] 450 Commerce/ICC Rates/etc. |
| [ ] 150 Recovery of Overpayment & Enforcement of Judgment | [ ] 362 Personal Injury— Med. Malpractice | [ ] 640 R.R. & Truck | **PROPERTY RIGHTS** | [ ] 460 Deportation |
| [ ] 151 Medicare Act | [ ] 320 Assault, Libel & Slander | [ ] 650 Airline Regs. | [ ] 820 Copyrights | [ ] 470 Racketeer Influenced and Corrupt Organizations |
| [ ] 152 Recovery of Defaulted Student Loans (Excl. Veterans) | [ ] 365 Personal Injury — Product Liability | [ ] 660 Occupational Safety/Health | [ ] 830 Patent | [ ] 810 Selective Service |
| [ ] 153 Recovery of Overpayment of Veteran's Benefits | [ ] 330 Federal Employers' Liability | [ ] 368 Asbestos Personal Injury Product Liability | [ ] 840 Trademark | [ ] 850 Securities/Commodities/ Exchange |
| [ ] 160 Stockholders' Suits | [ ] 340 Marine | [ ] 690 Other | | [ ] 875 Customer Challenge 12 USC 3410 |
| [ ] 190 Other Contract | [ ] 345 Marine Product Liability | **PERSONAL PROPERTY** | **LABOR** | [ ] 891 Agricultural Acts |
| [ ] 195 Contract Product Liability | [ ] 350 Motor Vehicle | [ ] 370 Other Fraud | **SOCIAL SECURITY** | [ ] 892 Economic Stabilization Act |
| | [ ] 355 Motor Vehicle Product Liability | [ ] 371 Truth in Lending | [ ] 710 Fair Labor Standards Act | [ ] 893 Environmental Matters |
| **REAL PROPERTY** | [ ] 360 Other Personal Injury | [ ] 380 Other Personal Property Damage | [ ] 861 HIA (1395ff) | [ ] 894 Energy Allocation Act |
| | | [ ] 385 Property Damage Product Liability | [ ] 862 Black Lung (923) | [ ] 895 Freedom of Information Act |
| **CIVIL RIGHTS** | **PRISONER PETITIONS** | [ ] 720 Labor/Mgmt. Relations | [ ] 863 DIWC/DIWW (405(g)) | [ ] 900 Appeal of Fee Determination Under Equal Access to Justice |
| [ ] 210 Land Condemnation | [ ] 441 Voting | [ ] 510 Motions to Vacate Sentence | [ ] 864 SSID Title XVI | |
| [ ] 220 Foreclosure | [ ] 442 Employment | **Habeas Corpus:** | [ ] 865 RSI (405(g)) | [ ] 950 Constitutionality of State Statutes |
| [ ] 230 Rent Lease & Ejectment | [ ] 443 Housing/ Accommodations | [ ] 530 General | [ ] 730 Labor/Mgmt.Reporting & Disclosure Act | [ ] 890 Other Statutory Actions |
| [ ] 240 Torts to Land | [ ] 444 Welfare | [ ] 535 Death Penalty | **FEDERAL TAX SUITS** | |
| [ ] 245 Tort Product Liability | [ ] 440 Other Civil Rights | [ ] 540 Mandamus & Other | [ ] 740 Railway Labor Act | |
| [ ] 290 All Other Real Property | | [ ] 550 Civil Rights | [ ] 790 Other Labor Litigation | [ ] 870 Taxes (U.S. Plaintiff or Defendant) |
| | | [ ] 555 Prison Condition | [ ] 791 Empl. Ret. Inc. Security Act | [ ] 871 IRS—Third Party 26 USC 7609 |

## V. ORIGIN (PLACE AN "X" IN ONE BOX ONLY)

- [X] 1 Original Proceeding
- [ ] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from another district (specify)
- [ ] 6 Multidistrict Litigation
- [ ] 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
(Cite the U.S. Civil Statute under which you are filing and write brief statement of cause. Do not cite jurisdictional statutes unless diversity.)
28 USC § 1367. Motor vehicle suit involving personal injuries, including a torn rotator cuff requiring surgery arising out of negligence of motor vehicle defendants and unfair and deceptive trade practices of insurance defendants. Additional claims of loss of consortium are asserted.

## VII. REQUESTED IN COMPLAINT:
- [ ] CHECK IF THIS IS A CLASS ACTION DEMAND UNDER F.R.C.P. 23

CHECK YES only if demanded in complaint:
JURY DEMAND: [X] Yes [ ] No

## VIII. RELATED CASE(S) IF ANY (See instructions):
JUDGE _____ DOCKET NUMBER _____

DATE _____

SIGNATURE OF ATTORNEY OF RECORD _____

**FOR OFFICE USE ONLY**

RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG JUDGE _____

306032

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

1.  TITLE OF CASE (NAME OF FIRST PARTY ON EACH SIDE ONLY) <u>TERIZA SHEHATOU V. CHERYL L. SCHARDT</u>

2.  CATEGORY IN WHICH THE CASE BELONGS BASED UPON THE NUMBERED NATURE OF SUIT CODE LISTED ON THE CIVIL COVER
    SHEET. (SEE LOCAL RULE 40.1(A)(1)).

    _____   I.   160, 410, 470, R.23, REGARDLESS OF NATURE OF SUIT.

    _____   II.  195, 368, 400, 440, 441-444, 540, 550, 555, 625, 710, 720, 730, 740,
                 790, 791, 820*, 830*, 840*, 850, 890, 892-894, 895, 950.     * Also complete AO 120 or AO 121
                                                                               for patent, trademark or copyright cases
    _X_     III. 110, 120, 130, 140, 151, 190, 210, 230, 240, 245, 290, 310,
                 315, 320, 330, 340, 345, 350, 355, 360, 362, 365, 370, 371,
                 380, 385, 450, 891.

    _____   IV.  220, 422, 423, 430, 460, 510, 530, 610, 620, 630, 640, 650, 660,
                 690, 810, 861-865, 870, 871, 875, 900.

    _____   V.   150, 152, 153.

3.  TITLE AND NUMBER, IF ANY, OF RELATED CASES. (SEE LOCAL RULE 40.1(E)). _____
    <u>N/A</u>

4.  HAS A PRIOR ACTION BETWEEN THE SAME PARTIES AND BASED ON THE SAME CLAIM EVER BEEN FILED IN THIS COURT?
                                                              YES ☐      NO ☒

5.  DOES THE COMPLAINT IN THIS CASE QUESTION THE CONSTITUTIONALITY OF AN ACT OF CONGRESS AFFECTING THE PUBLIC
    INTEREST?  (SEE 28 USC 2403)                             YES ☐      NO ☒
    IF SO, IS THE U.S.A. OR AN OFFICER, AGENT OR EMPLOYEE OF THE U.S. A PARTY?
                                                              YES ☐      NO ☐

6.  IS THIS CASE REQUIRED TO BE HEARD AND DETERMINED BY A DISTRICT COURT OF THREE JUDGES PURSUANT TO TITLE 28 USC
    2284?                                                     YES ☐      NO ☒

7.  DO <u>ALL</u> PARTIES IN THIS ACTION RESIDE IN THE CENTRAL DIVISION OF THE DISTRICT OF MASSACHUSETTS (<u>WORCESTER</u>
    <u>COUNTY</u>) - (SEE LOCAL RULE 40.1(C)).                  YES ☐      NO ☒
    OR IN THE WESTERN DIVISION (<u>BERKSHIRE, FRANKLIN, HAMPDEN OR HAMPSHIRE COUNTIES</u>)?(SEE LOCAL RULE 40.1(D)).
                                                              YES ☐      NO ☒

8.  DO <u>ALL</u> OF THE PARTIES RESIDING IN MASSACHUSETTS RESIDE IN THE CENTRAL AND/OR WESTERN DIVISIONS OF THE DISTRICT?
                                                              YES ☐      NO ☒
    (a)     IF YES, IN WHICH DIVISION DOES THE PLAINTIFF RESIDE? _____

9.  IN WHICH DIVISION DO THE ONLY PARTIES RESIDING IN MASSACHUSETTS RESIDE?  <u>Western</u>

10. IF ANY OF THE PARTIES ARE THE UNITED STATES, COMMONWEALTH OF MASSACHUSETTS, OR ANY GOVERNMENTAL AGENCY OF
    THE U.S.A. OR THE COMMONWEALTH, DO ALL OTHER PARTIES RESIDE IN THE
    CENTRAL DIVISION; YES ☐ NO ☐          OR WESTERN DIVISION;   YES ☒   NO ☐

11. ALTERNATIVE DISPUTE RESOLUTION - IS THIS CASE SUITABLE FOR ADR? IF SO, BY WHICH ADR?

    EARLY NEUTRAL EVALUATION ☒      MEDIATION ☒      SUMMARY JURY/BENCH TRIAL ☐

    MINI-TRIAL ☐                   OTHER ☐

(PLEASE TYPE OR PRINT)
ATTORNEY'S NAME <u>Chris S. Dodig, Esq., Donovan & O'Connor, LLP</u>
ADDRESS <u>1330 Mass MoCA Way, North Adams, MA  01247</u>
TELEPHONE NO. <u>(413) 663-3200</u>

(Category Form.wpd - 3/28/2000)