UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF MASSACHUSETTS

TERIZA SHEHATOU, INDIVIDUALLY,      )
CINDY LOUKA P.P.A. TERIZA            )
SHEHATOU and SALLY LOUKA             )
P.P.A. TERIZA SHEHATOU               )
    PLAINTIFFS                    )
                              ) CIVIL ACTION
VS.                                  ) NO. 05-30195 KPN
                              )
CHERYL L. SCHARDT, JAY A.            )
HOPKINS, P. KEYBURN HOLLISTER,       )
JOHN R. GOBEL, ALLSTATE              )
INSURANCE COMPANY and                )
COMMERCE INSURANCE COMPANY           )
    DEFENDANTS                    )

### ANSWER, CROSSCLAIM & CLAIM OF JURY TRIAL
### OF DEFENDANTS, P. KEYBURN HOLLISTER & JOHN R. GOBEL

1. Defendants lack sufficient knowledge to either admit or deny the allegations contained in paragraph 1 of plaintiffs' complaint.

2. Defendants lack sufficient knowledge to either admit or deny the allegations contained in paragraph 2 of plaintiffs' complaint.

3. Defendants lack sufficient knowledge to either admit or deny the allegations contained in paragraph 3 of plaintiffs' complaint.

4. Defendants lack sufficient knowledge to either admit or deny the allegations contained in paragraph 4 of plaintiffs' complaint.

5. Defendants lack sufficient knowledge to either admit or deny the allegations contained in paragraph 5 of plaintiffs' complaint.

6. Defendants admit the allegations contained in paragraph 6 of plaintiffs' complaint.

7. Defendants admit the allegations contained in paragraph 7 of plaintiffs' complaint.

8. Defendants lack sufficient knowledge to either admit or deny the allegations contained in paragraph 8 of plaintiffs' complaint.

9. Defendants admit the allegations contained in paragraph 9 of plaintiffs' complaint.

10. Defendants deny the allegations contained in paragraph 10 of plaintiffs' complaint.

11. Defendants deny the allegations contained in paragraph 11 of plaintiffs' complaint.

12. Defendants admit the allegations contained in paragraph 12 of plaintiffs' complaint.

13. Defendants lack sufficient knowledge to either admit or deny the allegations contained in paragraph 13 of plaintiffs' complaint.

14. Defendants admit the allegations contained in paragraph 14 of plaintiffs' complaint.

15. Defendants admit the allegations contained in paragraph 15 of plaintiffs' complaint.

16. Defendants deny the allegations contained in paragraph 16 of plaintiffs' complaint.

17. Defendants lack sufficient knowledge to either admit or deny the allegations contained in paragraph 17 of plaintiffs' complaint.

## COUNT I

18. Defendants repeat their answers to paragraphs 1 through 17 of plaintiffs' complaint.

19. Defendants deny the allegations contained in paragraph 19 of plaintiffs' complaint.

## COUNT II

20. Defendants repeat their answers to paragraphs 1 through 17 of plaintiffs' complaint.

21. Defendants deny the allegations contained in paragraph 21 of plaintiffs' complaint.

## COUNT III

22. Defendants repeat their answers to paragraphs 1 through 17 of plaintiffs' complaint.

23. Defendants deny the allegations contained in paragraph 23 of plaintiffs' complaint.

## COUNT IV

24. Defendants repeat their answers to paragraphs 1 through 17 of plaintiffs' complaint.

Defendants file no answer to paragraphs 25 though 34 of plaintiffs' complaint as said paragraphs do not assert allegations against them.

## FIRST DEFENSE

And further answering, the defendants say that the plaintiffs' Complaint fails to set forth facts constituting a cause of action, and therefore the plaintiffs cannot recover.

## SECOND DEFENSE

And further answering, the defendants say that the plaintiffs' own negligence caused or contributed to the accident and injuries alleged, and therefore the plaintiffs cannot recover.

## THIRD DEFENSE

And further answering, the defendants say that the plaintiffs were more than 50 percent negligent in causing or contributing to the accident and injuries alleged, and therefore the plaintiffs either cannot recover or any verdict or finding in their favor must be reduced by the percentage of negligence attributed to the said plaintiffs.

## FOURTH DEFENSE

And further answering, the defendants say that the plaintiffs' alleged injuries, if any, were

-3-

caused by persons other than the defendants, their agents, servants, employees, or persons for whose conduct the defendants are responsible and therefore the plaintiffs cannot recover.

### FIFTH DEFENSE

And further answering, the defendants say that the plaintiffs' alleged injuries, if any, do not come within one of the exceptions to the Massachusetts No-Fault Insurance Law, being Massachusetts General Laws, Chapter 231, Section 6D, and therefore the plaintiffs are barred from bringing this action and cannot recover.

### SIXTH DEFENSE

And further answering, the defendants say that the alleged cause of action referred to in the plaintiffs' Complaint falls within the purview of Massachusetts General Laws, Chapter 90, Section 34(m), and therefore this action is brought in violation of the law and the plaintiffs cannot recover.

### NINTH DEFENSE

And further answering, the defendants say that at the time and place of the accident alleged, the plaintiffs were not wearing a seatbelt; said seatbelt being available and operational, and if the plaintiffs sustained injuries, said injuries would have been greater than those sustained had he/she been wearing said seatbelt, and that accordingly any award received by the plaintiffs should be reduced by the doctrine of "avoidable consequences" and/or failure of the plaintiffs to mitigate his/her damages.

### TENTH DEFENSE

And further answering, the defendants say that they are entitled to a credit for any Personal Injury Protection benefits that the plaintiff received under any applicable policy of insurance, and any recovery by the plaintiffs must be diminished by the amount of Personal Injury Protection benefits that the plaintiff received under the provisions of Massachusetts General Laws Chapter 90, Section 34(m).

### ELEVENTH DEFENSE

And further answering, the defendants say that plaintiff's damages do not exceed $75,000.00 and therefore the plaintiffs' Complaint should be dismissed.

-4-

## TWELFTH DEFENSE

And further answering, the defendants say that complete diversity of citizenship does not exist and therefore the plaintiff's complaint should be dismissed.

## THIRTEENTH DEFENSE

And further answering, the defendants say that venue is improper and therefore the plaintiff's complaint should be dismissed.

## CROSSCLAIM

### COUNT I
### P. KEYBURN HOLLISTER VS. JAY A. HOPKINS

1. Crossclaim plaintiff, P. KEYBURN HOLLISTER, resides in Pittsfield, Massachusetts.

2. Crossclaim defendant, JAY A. HOPKINS, resides in Pittsfield, Massachusetts.

3. On or about the date alleged in the plaintiffs' complaint, the crossclaim defendant, JAY A. HOPKINS, so negligently and carelessly operated a motor vehicle so as to cause the accident alleged in the plaintiffs' complaint.

4. In the event a finding or judgment enters in favor of the plaintiffs, TERIZA SHEHATOU, CINDY LOUKA PPA and SALLY LOUKA PPA, against the defendant/crossclaim plaintiff, P. KEYBURN HOLLISTER, then the crossclaim defendant, JAY A. HOPKINS, is liable to indemnify the crossclaim plaintiff or in the alternative, is liable to the crossclaim plaintiff as a joint tortfeasor.

WHEREFORE, the crossclaim plaintiff, P. KEYBURN HOLLISTER, demands judgment against the crossclaim defendant, JAY A. HOPKINS, in an amount equal to or greater than any judgment entered against her in favor of the plaintiffs, TERIZA SHEHATOU, CINDY LOUKA PPA and SALLY LOUKA PPA, plus such further relief as the Court deems just and appropriate.

### COUNT II
### P. KEYBURN HOLLISTER VS. CHERYL L. SCHARDT

5. Crossclaim plaintiff, P. KEYBURN HOLLISTER, resides in Pittsfield, Massachusetts.

-5-

6. Crossclaim defendant, CHERYL L. SCHARDT, resides in Bolton, Connecticut.

7. On or about the date alleged in the plaintiffs' complaint, the crossclaim defendant, CHERYL L. SCHARDT, by her agent, servant or employee, so negligently and carelessly operated a motor vehicle so as to cause the accident alleged in the plaintiffs' complaint.

8. In the event a finding or judgment enters in favor of the plaintiffs, TERIZA SHEHATOU, CINDY LOUKA PPA and SALLY LOUKA PPA, against the defendant/crossclaim plaintiff, P. KEYBURN HOLLISTER, then the crossclaim defendant, CHERYL L. SCHARDT, is liable to indemnify the crossclaim plaintiff or in the alternative, is liable to the crossclaim plaintiff as a joint tortfeasor.

WHEREFORE, the crossclaim plaintiff, P. KEYBURN HOLLISTER, demands judgment against the crossclaim defendant, CHERYL L. SCHARDT, in an amount equal to or greater than any judgment entered against her in favor of the plaintiffs, TERIZA SHEHATOU, CINDY LOUKA PPA and SALLY LOUKA PPA, plus such further relief as the Court deems just and appropriate.

## COUNT III
### JOHN R. GOBEL VS. JAY A. HOPKINS

9. Crossclaim plaintiff, JOHN R. GOBEL, resides in Pittsfield, Massachusetts.

10. Crossclaim defendant, JAY A. HOPKINS, resides in Pittsfield, Massachusetts.

11. On or about the date alleged in the plaintiffs' complaint, the crossclaim defendant, JAY A. HOPKINS, so negligently and carelessly operated a motor vehicle so as to cause the accident alleged in the plaintiffs' complaint.

12. In the event a finding or judgment enters in favor of the plaintiffs, TERIZA SHEHATOU, CINDY LOUKA PPA and SALLY LOUKA PPA, against the defendant/crossclaim plaintiff, JOHN R. GOBEL, then the crossclaim defendant, JAY A. HOPKINS, is liable to indemnify the crossclaim plaintiff or in the alternative, is liable to the crossclaim plaintiff as a joint tortfeasor.

WHEREFORE, the crossclaim plaintiff, JOHN R. GOBEL, demands judgment against the crossclaim defendant, JAY A. HOPKINS, in an amount equal to or greater than any judgment entered against him in favor of the plaintiffs, TERIZA SHEHATOU, CINDY LOUKA PPA and SALLY LOUKA PPA, plus such further relief as the Court deems just and appropriate.

COUNT IV
JOHN R. GOBEL VS. CHERYL L. SCHARDT

13. Crossclaim plaintiff, JOHN R. GOBEL, resides in Pittsfield, Massachusetts.

14. Crossclaim defendant, CHERYL L. SCHARDT, resides in Bolton, Connecticut.

15. On or about the date alleged in the plaintiffs' complaint, the crossclaim defendant, CHERYL L. SCHARDT, by her agent, servant or employee, so negligently and carelessly operated a motor vehicle so as to cause the accident alleged in the plaintiffs' complaint.

16. In the event a finding or judgment enters in favor of the plaintiffs, TERIZA SHEHATOU, CINDY LOUKA PPA and SALLY LOUKA PPA, against the defendant/crossclaim plaintiff, JOHN R. GOBEL, then the crossclaim defendant, CHERYL L. SCHARDT, is liable to indemnify the crossclaim plaintiff or in the alternative, is liable to the crossclaim plaintiff as a joint tortfeasor.

WHEREFORE, the crossclaim plaintiff, JOHN R. GOBEL, demands judgment against the crossclaim defendant, CHERYL L. SCHARDT, in an amount equal to or greater than any judgment entered against him in favor of the plaintiffs, TERIZA SHEHATOU, CINDY LOUKA PPA and SALLY LOUKA PPA, plus such further relief as the Court deems just and appropriate.

AND, WHEREFORE, the defendants, P. KEYBURN HOLLISTER and JOHN R. GOBEL, demand judgment against the plaintiffs and further demand that said action be dismissed.

AND, FURTHER, the defendants/crossclaim plaintiffs, P. KEYBURN HOLLISTER and JOHN R. GOBEL, claim a trial by jury on all the issues.

P. KEYBURN HOLLISTER &
JOHN R. GOBEL
BY THEIR ATTORNEY:

Thomas W. Beliveau, Esquire
Fuller, Rosenberg, Palmer & Beliveau, LLP
340 Main Street, Suite 817
Worcester, MA 01608
(508) 751-5121
BBO#548001

September 14, 2005

## CERTIFICATE OF SERVICE

I hereby certify that I have served the foregoing document upon the parties to this action by mailing a copy thereof, first class, postage prepaid, to the following counsel of record:

Chris S. Dodig, Esquire          Ms. Cheryl L. Schardt
Donovan & O'Connor, LLP    12 Meadow Road
1330 Mass MoCA Way          Bolton, CT 06043
North Adams, MA 01247

Mr. Jay A. Hopkins               John F. Hurley, Jr., Esquire
20 John Street                       446 Main Street
Pittsfield, MA 01201             Worcester, MA 01608


Thomas W. Beliveau, Esquire
Fuller, Rosenberg, Palmer & Beliveau, LLP
340 Main Street, Suite 817
Worcester, MA 01608
(508) 751-5121
BBO#548001

September 14, 2005