UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| TERIZA SHEHATOU, INDIV. ) | |
| CINDY LOUKA PPA, TERIZA ) | CIVIL ACTION |
| SHEHATOU AND SALLY LOUKA, PPA ) | No: 05-30195 KPN |
| TERIZA SHEHATOU ) | |
| PLAINTIFFS ) | |
| Vs ) | |
| ) | |
| CHERYL L. SCHARDT, JAY A. ) | |
| HOPKINS, P. KEYBURN HOLLISTER, ) | |
| JOHN R. GOBEL, ALLSTATE ) | |
| INSURANCE COMPANY AND ) | |
| COMMMERCE INSURANCE COMPANY ) | |
| DEFENDANTS ) | |

**ANSWER OF DEFENDANT COMMERCE INSURANCE
COMPANY, INC. TO PLAINTIFFS' COMPLAINT**

**PARTIES**

1. The defendant, Commerce Insurance Co., Inc., is without knowledge or information sufficient to either admit or deny the allegations contained in paragraph 1 of the plaintiffs' complaint.

2. The defendant, Commerce Insurance Co., Inc., is without knowledge or information sufficient to either admit or deny the allegations contained in paragraph 2 of the plaintiffs' complaint.

3. The defendant, Commerce Insurance Co., Inc., is without knowledge or information sufficient to either admit or deny the allegations contained in paragraph 3 of the plaintiffs' complaint.

4. The defendant, Commerce Insurance Co., Inc., is without knowledge or information sufficient to either admit or deny the allegations contained in paragraph 4 of the plaintiffs' complaint.

5.  The defendant, Commerce Insurance Co., Inc., is without knowledge or information sufficient to either admit or deny the allegations contained in paragraph 5 of the plaintiffs' complaint.

6.  The defendant, Commerce Insurance Co., Inc., admits the allegations contained in paragraph 6 of the plaintiffs' complaint.

7.  The defendant, Commerce Insurance Co., Inc., admits the allegations contained in paragraph 7 of the plaintiffs' complaint.

8.  The defendant, Commerce Insurance Co., Inc., is without knowledge or information sufficient to either admit or deny the allegations contained in paragraph 8 of the plaintiffs' complaint.

9.  The defendant, Commerce Insurance Co., Inc., admits the allegations contained in paragraph 9 of the plaintiffs' complaint.

## JURISDICTION AND VENUE

10. The allegations set forth in Paragraph 10 contain only conclusions of law that require no response from the defendant Commerce Insurance Co., Inc. If called upon to respond, the defendant would deny the allegations contained in Paragraph 10 of the plaintiffs' complaint.

11. The allegations set forth in Paragraph 10 contain only conclusions of law that require no response from the defendant Commerce Insurance Co., Inc. If called upon to respond, the defendant would deny the allegations contained in Paragraph 11 of the plaintiffs' complaint.

## FACTS

12. The defendant, Commerce Insurance Co., Inc., admits the allegations contained in paragraph 12 of the plaintiffs' complaint.

13. The defendant, Commerce Insurance Co., Inc., is without knowledge or information sufficient to either admit or deny

the allegations contained in paragraph 13 of the plaintiffs' complaint.

14. The defendant, Commerce Insurance Co., Inc., admits the allegations contained in paragraph 14 of the plaintiffs' complaint.

15. The defendant, Commerce Insurance Co., Inc., admits the allegations contained in paragraph 15 of the plaintiffs' complaint.

16. The defendant, Commerce Insurance Co., Inc., denies the allegations contained in paragraph 16 of the plaintiffs' complaint.

17. The defendant, Commerce Insurance Co., Inc., admits the allegations contained in paragraph 17 of the plaintiffs' complaint.

## COUNTS I - III

18-13.
The allegations contained in Counts I - III are directed solely at defendants other than defendant Commerce Insurance Co., Inc. and require no response from defendant Commerce Insurance Co., Inc.

## COUNT IV

24. The defendant, Commerce Insurance Co., Inc., restates and realleges its answers to paragraphs 1-24 and incorporates them herein as its response to the allegations contained in paragraph 24 of the plaintiffs' complaint.

25. The allegations contained in paragraph 25 set forth only conclusions of law which require no response from defendant Commerce Insurance Co.

26. The allegations contained in paragraph 26 set forth only conclusions of law which require no response from defendant Commerce Insurance Co.

27. The defendant Commerce Insurance Co., Inc. admits that the plaintiffs' attorney set a letter dated February 11, 2005 to

Commerce, but denies the remaining allegations set forth in paragraph 25 and states that the letter speaks for itself.

28. The defendant, Commerce Insurance Co., Inc., admits that the plaintiffs' attorney sent a letter dated May 5, 2005 to Commerce Insurance Co., Inc., but denies the remaining allegations set forth in paragraph 28 and states that the letter speaks for itself.

29. The defendant, Commerce Insurance Co., Inc., admits that it made a settlement offer to the plaintiff on or about June 2, 2005.

30. The defendant, Commerce Insurance Co., Inc., admits that the plaintiffs' attorney sent a letter dated July 18, 2005 to Commerce Insurance Co., Inc. but denies the remaining allegations contained in paragraph 30 of the plaintiffs' complaint and states that the letter speaks for itself.

31. The defendant, Commerce Insurance Co., Inc., admits that Allstate sent a letter dated August 1, 2005 to the plaintiffs' attorney but denies the remaining allegations contained in paragraph 31 of the plaintiffs' complaint and states that the letter speaks for itself.

32. The defendant, Commerce Insurance Co., Inc., admits that it sent a letter dated August 15, 2005 to the plaintiffs' counsel but denies the remaining allegations contained in paragraph 32 of the plaintiffs' complaint and states that the letter speaks for itself.

33. The defendant, Commerce Insurance Co., Inc., denies the allegations contained in paragraph 33 of the plaintiffs' complaint.

34. The defendant, Commerce Insurance Co., Inc., denies the allegations contained in paragraph 34 of the plaintiffs' complaint.

**FIRST DEFENSE**

The plaintiff has failed to comply with the substantive procedural requirements of Chapter 93A and 176D and therefore the plaintiffs cannot recover.

**SECOND DEFENSE**

The liability of Commerce's insureds to the plaintiff is not reasonably clear and therefore the plaintiffs cannot recover.

**THIRD DEFENSE**

The defendant, Commerce Insurance Co., Inc., has made a reasonable settlement offer to resolve the plaintiffs' claims against Commerce's insureds and therefore the plaintiff cannot recover.

_____
Attorney for the Defendant
John F. Hurley, Jr., Esquire
Pojani Hurley Ritter &
 Salvidio, LLP
446 Main Street
Worcester, MA 01608
(508) 798-2480
BBO # 245200

CERTIFICATE OF SERVICE

I hereby certify that on September 20, 2005, I served a copy of the within Answer of Defendant Commerce Insurance Co., Inc. upon Chris S. Dodig, Esquire, Donovan & O'Connor, LLP, 1330 Mass. MoCA Way, North Adams, MA 01247 and upon Thomas Beliveau, Esquire, Fuller, Rosenberg, Palmer & Beliveau, 340 Main Street, Worcester, MA 01608 by mailing a copy of the same, postage prepaid.

                                                  /s/ John F. Hurley, Jr.
                                                  John F. Hurley, Jr., Esquire

F:\data2\SHVCOM.ANS.doc