```
          UNITED STATES DISTRICT COURT
                  FOR THE
           DISTRICT OF MASSACHUSETTS

       CIVIL ACTION NO. 3:05-cv-30195-KPN
```

TERIZA SHEHATOU, INDIVIDUALLY,
CINDY LOUKA P.P.A. TERIZA
SHEHATOU AND SALLY LOUKA
P.P.A. TERIZA SHEHATOU

VS

CHERYL L. SCHARDT, JAY A.
HOPKINS, P. KEYBURN HOLLISTER,
JOHN R. GOBEL, ALLSTATE
INSURANCE COMPANY and
COMMERCE INSURANCE COMPANY

```
         MOTION OF DEFENDANT ALLSTATE INSURANCE
                COMPANY TO SEVER AND STAY
```

    The Defendant, Allstate Insurance Company, hereby moves that this Court issue an order staying the Plaintiff's claim (Count IV of the complaint) and associated discovery against Allstate pending resolution of the Plaintiff's underlying claim against the Allstate insureds, Cheryl L. Schardt and Jay A. Hopkins.

    A memorandum in support is attached hereto.

```
                    MILTON, LAURENCE & DIXON
                    Attorneys for Defendant

                    BY: /s/ Gerard R. Laurence
                    Gerard R. Laurence, Esquire
                    100 Front Street, Suite 1510
                    Worcester, MA 01608
                    508-791-6386
                    BBO # 288220
```

```
            UNITED STATES DISTRICT COURT
                     FOR THE
             DISTRICT OF MASSACHUSETTS

         CIVIL ACTION NO. 3:05-cv-30195-KPN
```

TERIZA SHEHATOU, INDIVIDUALLY,
CINDY LOUKA P.P.A. TERIZA
SHEHATOU AND SALLY LOUKA
P.P.A. TERIZA SHEHATOU

VS

CHERYL L. SCHARDT, JAY A.
HOPKINS, P. KEYBURN HOLLISTER,
JOHN R. GOBEL, ALLSTATE
INSURANCE COMPANY and
COMMERCE INSURANCE COMPANY

```
              MEMORANDUM IN SUPPORT OF
         MOTION OF DEFENDANT ALLSTATE INSURANCE
               COMPANY TO SEVER AND STAY
```

    This action, in which the plaintiff alleges personal injuries, arises as a result of an intersection collision involving two motor vehicles, the plaintiff having been a passenger in one of the two vehicles.  The defendants include the owners and operators of the two motor vehicles and their two insurers.  Allstate Insurance Co. was the insurer of the vehicle owned by the defendant Schardt and operated by the defendant Hopkins.  Claims against those two individuals are based in negligence.  The plaintiff has also asserted a claim against Allstate for violation of MGL Chapter 90A.

    Allstate is requesting that the court stay the proceedings on the claim against it.  Such a motion is addressed to the sound discretion of the Court.

    For the following reasons, Allstate respectfully requests that the court exercise its discretion by staying the Count directed against Allstate in Count IV of the complaint pending resolution of the underlying tort claims against the individual defendants:

    1.  A third party's claim against an insurer based on an unfair claims settlement practice is premature unless that party first establishes a right to recover against the insured.  The claim for unfair claims settlement practices should therefore be stayed pending resolution of the tort action.

    2. Severing and staying the claim against Allstate promotes judicial economy by avoiding unnecessary trial preparation and litigation. If the plaintiff has no right to recover from an insured under an insurance policy or cannot recover more than any offer which has been made, an insurer as matter of law cannot be held liable for wrongfully refusing to settle the claim brought against the insured. It is therefore sensible to stay the proceedings against the insurer, recognizing that the resolution of the claims against the insured could dispose of the action against the insurer.

    3. An order staying the plaintiff's 93A claim is necessary to protect the rights of the insureds. Unless the underlying claim is resolved before the 93A claim, discovery taken in the 93A claim could prejudice the defense of the insureds, since the work product of the insurer and its representatives developed in preparation of the underlying case defense could become exposed to plaintiff's counsel, thereby unfairly prejudicing the defense of the insureds.

    An order staying Count IV of the complaint serves to promote judicial economy by alleviating the possibility of duplicative litigation and to protect the rights of Allstate and its insureds. The plaintiffs would not suffer any prejudice from such an order since they could continue pursuing the underlying tort claim without losing the right to pursue, if necessary and appropriate, the claim against Allstate.

    Wherefore, Allstate respectfully requests that this Court issue an order staying all further activity as to the claim directed against Allstate in Count IV pending resolution of the plaintiffs' underlying tort action against the individual defendants.

    MILTON, LAURENCE & DIXON
Attorneys for Defendant

BY: /s/ Gerard R. Laurence
Gerard R. Laurence, Esquire
100 Front Street, Suite 1510
Worcester, MA 01608
508-791-6386
BBO # 288220