UNITED STATE DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| TERIZA SHEHATOU, Individually, <br> CINDY LOUKA ppa TERIZA SHEHATOU, <br> and SALLY LOUKA ppa <br> TERIZA SHEHATOU, <br>               Plaintiffs <br><br> vs. <br><br> CHERYL L. SCHARDT, JAY A. HOPKINS, <br> P. KEYBURN HOLLISTER, JOHN R. GOBEL, <br> ALLSTATE INSURANCE COMPANY and <br> COMMERCE INSURANCE COMPANY, <br>               Defendants | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) CASE NUMBER: 3:05-CV-30195-KPN <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |

## DEFENDANTS, CHERYL L. SCHARDT AND JAY A. HOPKINS' ANSWER AND DEMAND FOR JURY TRIAL

1. The Defendants are without sufficient knowledge to admit or deny the allegations contained in Paragraph 1 of Plaintiffs' Complaint.

2. The Defendants are without sufficient knowledge to admit or deny the allegations contained in Paragraph 2 of Plaintiffs' Complaint.

3. The Defendants are without sufficient knowledge to admit or deny the allegations contained in Paragraph 3 of Plaintiffs' Complaint.

4. The Defendants admit the allegations contained in Paragraph 4 of the Plaintiffs' Complaint.

5. The Defendants admit the allegations contained in Paragraph 5 of the Plaintiffs' Complaint.

6. The Defendants admit the allegations contained in Paragraph 6 of the Plaintiffs' Complaint.

7. The Defendants admit the allegations contained in Paragraph 7 of the Plaintiffs' Complaint.

8. The Defendants admit the allegations contained in Paragraph 8 of the Plaintiffs' Complaint.

9. The Defendants admit the allegations contained in Paragraph 9 of the Plaintiffs' Complaint.

## JURISDICTION AND VENUE

10. The Defendants deny the allegations contained in Paragraph 10 of the Plaintiffs' Complaint.

11. The Defendants are without sufficient knowledge to admit or deny the allegations contained in Paragraph 11 of Plaintiffs' Complaint.

## FACTS

12. The Defendants admit the allegations contained in Paragraph 12 of the Plaintiffs' Complaint.

13. The Defendants admit the allegations contained in Paragraph 13 of the Plaintiffs' Complaint.

14. The Defendants deny the allegations contained in Paragraph 14 of the Plaintiffs' Complaint.

15. The Defendants are without sufficient knowledge to admit or deny the allegations contained in Paragraph 15 of Plaintiffs' Complaint.

16. The Defendants admit the allegations contained in Paragraph 16 of the Plaintiffs' Complaint.

17. The Defendants are without sufficient knowledge to admit or deny the allegations contained in Paragraph 17 of Plaintiffs' Complaint.

## COUNT I
### (Shehatou - Negligence)

18. The Defendants restate, reallege and incorporate herein by reference their Answers to Paragraphs 1 through 17 of Plaintiffs' Complaint.

19. The Defendants deny the allegations contained in Paragraph 198 of the Plaintiffs' Complaint.

## COUNT II
### (Cindy Louka - Loss of Parental Consortium)

20. The Defendants restate, reallege and incorporate herein by reference their Answers to Paragraphs 1 through 19 of Plaintiffs' Complaint.

21. The Defendants deny the allegations contained in Paragraph 21 of the Plaintiffs' Complaint.

## COUNT III
### (Sally Louka - Loss of Parental Consortium)

22. The Defendants restate, reallege and incorporate herein by reference their Answers to Paragraphs 1 through 21 of Plaintiffs' Complaint.

23. The Defendants deny the allegations contained in Paragraph 23 of the Plaintiffs' Complaint.

## COUNT IV
### (Shehatou vs. Allstate and CIC)

24. The Defendants restate, reallege and incorporate herein by reference their Answers to Paragraphs 1 through 23 of Plaintiffs' Complaint.

25. The allegations contained in Paragraph 25 of the Plaintiffs' Complaint do not pertain to these Defendants therefore no responsive pleading is required

26. The allegations contained in Paragraph 26 of the Plaintiffs' Complaint do not pertain to these Defendants therefore no responsive pleading is required

27. The allegations contained in Paragraph 27 of the Plaintiffs' Complaint do not pertain to these Defendants therefore no responsive pleading is required

28. The allegations contained in Paragraph 28 of the Plaintiffs' Complaint do not pertain to these Defendants therefore no responsive pleading is required

29. The allegations contained in Paragraph 29 of the Plaintiffs' Complaint do not pertain to these Defendants therefore no responsive pleading is required

30. The allegations contained in Paragraph 30 of the Plaintiffs' Complaint do not pertain to these Defendants therefore no responsive pleading is required

31. The allegations contained in Paragraph 31 of the Plaintiffs' Complaint do not pertain to these Defendants therefore no responsive pleading is required

32. The allegations contained in Paragraph 32 of the Plaintiffs' Complaint do not pertain to these Defendants therefore no responsive pleading is required

33. The allegations contained in Paragraph 33 of the Plaintiffs' Complaint do not pertain to these Defendants therefore no responsive pleading is required

34. The allegations contained in Paragraph 34 of the Plaintiffs' Complaint do not pertain to these Defendants therefore no responsive pleading is required

## AFFIRMATIVE DEFENSES

### FIRST DEFENSE

The Complaint fails to state a claim or claims against the Defendants upon which relief can be granted.

## SECOND DEFENSE

The contributory negligence of the Plaintiff was greater than the alleged negligence of the Defendants, wherefore, the Plaintiff cannot recover.

## THIRD DEFENSE

The negligence of the Plaintiff contributed in some degree to the cause of the alleged accident and/or the injuries sustained; wherefore, the damages, if any, awarded to the Plaintiff should be diminished and reduced in accordance with law.

## FOURTH DEFENSE

The Plaintiff's injuries, if any, were caused by a person or entity for whose conduct the Defendants are not and were not responsible.

## FIFTH DEFENSE

The Plaintiff assumed the risk and is therefore barred from making any claim against the Defendants.

## SIXTH DEFENSE

The Defendants are exempt from tort liability as provided in Massachusetts General Laws, Chapter 90, Section 34M.

## SEVENTH DEFENSE

The Defendants say that the Plaintiff is not entitled to recover damages for pain and suffering under Massachusetts General Laws, Chapter 231, Section 6D(1-5).

## EIGHTH DEFENSE

The Plaintiff is not entitled to maintain this cause of action because neither her special damages nor the nature and extent of his injuries entitle her to maintain a civil action for damages.

## NINTH DEFENSE

The Plaintiffs have failed to properly serve process upon the Defendants.

## TENTH DEFENSE

This action was not commenced within the time provided by the applicable Statute of Limitations; wherefore, the Plaintiffs are barred from maintaining this action.

## ELEVENTH DEFENSE

The Defendants hereby give notice that they intend to rely upon such other and further defenses as may become available or apparent during the course of discovery, and hereby reserve the right to amend their answer to assert any such defense.

> THE DEFENDANTS,
> Cheryl Schardt and Jay A. Hopkins,
> By Their Attorney
>
> _/s/ Kevin G. Murphy_
> Kevin G. Murphy, Esquire
> Pessolano, Dusel, Murphy & Casartello, PC
> 115 State Street, Fifth Floor
> Springfield, MA 01103
> (413) 781-4700
> (413) 781-0471 (fax)
> BBO No. 363110

## **CERTIFICATE OF SERVICE**

I, Kevin G. Murphy, Esquire, hereby certify that on this date, I caused the foregoing document to be served upon the other party (ies) in this action by mailing a copy of same, first class mail, postage prepaid to:

Chris S. Dodig, Esq.
Donovan & O'Connor, LLP
1330 Mass MoCA Way
North Adams, MA 01247

Gerard R. Laurence, Esq.
Milton, Laurence & Dixon
100 Front Street - Suite 1510
Worcester, MA 01608

Thomas W. Beliveau, Esq.
Fuller, Rosenberg, Palmer & Beliveau, LLP
340 Main Street
Worcester, MA 01608

John F. Hurley, Jr., Esq.
MacCarthy, Pojani & Hurley, LLP
446 Main Street
Worcester, MA 01608

Dated: October 19, 2005

_____
Kevin G. Murphy, Esq.