UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| TERIZA SHEHATOU, INDIVIDUALLY, )<br>CINDY LOUKA p.p.a. TERIZA )<br>SHEHATOU and SALLY LOUKA p.p.a. )<br>TERIZA SHEHATOU, )<br>    Plaintiffs )<br>)<br>v. )<br>)<br>CHERYL L. SCHARDT, JAY A. )<br>HOPKINS, P.KEYBURN HOLLISTER, )<br>and JOHN R. GOBEL, )<br>    Defendants ) | Docket No. 05-30195-KPN |

JOINT PRETRIAL MEMORANDUM

NOW COME the parties and pursuant to Court Order dated September 14, 2006, hereby submit the following Joint Pretrial Memorandum regarding the motor vehicle tort claims. A separate pretrial memorandum is submitted simultaneously regarding the G.L. c. 93A and 176D claims.

    **1.  A concise statement of the evidence that will be offered by all parties with respect to both liability and damages (including special damages, if any);**

    <u>Plaintiffs Statement</u>:   Plaintiff Teriza Shehatou will offer evidence that she was a rear seat passenger in a motor vehicle operated by defendant John Gobel. Mr. Gobel brought the vehicle he was operating to a stop at the stop sign controlling the intersection of Wendell Avenue and East Housatonic Street in Pittsfield, Massachusetts. Mr. Gobel then proceeded into the intersection where his vehicle collided with a vehicle operated by

defendant Jay Hopkins.  Plaintiff expects the evidence to show that Mr. Hopkins' vehicle was traveling at an excessive rate of speed.

Plaintiffs will offer evidence demonstrating that as a result of defendant Gobel and defendant Hopkins' negligence plaintiff Teriza Shehatou has suffered damages. These damages include a shoulder injury that required surgery and has left Ms. Shehatou with permanent limitations in range of motion and strength.

Plaintiffs will also offer Teriza Shehatou's medical records and bills as evidence. Her total medical bills equal $21,717.52.  Plaintiff will offer testimony from her treating orthopedic surgeon, Michael Miranda, M.D. (likely by videotape), regarding her treatment, injuries, prognosis, and permanent limitations.

Plaintiffs will also offer evidence that Teriza Shehatou is a single mother of two minor children.  These minor children have suffered a loss of parental consortium as a result of this motor vehicle accident and Teriza Shehatou's injuries.

<u>Defendants Gobel and Hollister:</u>

These defendants expect the evidence to show that the plaintiff was a rear seat passenger in the defendant's vehicle when it was struck by a vehicle driven by Jay Hopkins, and owned by co-defendant, Cheryl Schardt.  Consistent with what the plaintiff represented, the defendants expect the evidence to show that defendant, John Gobel, brought his vehicle to a complete stop at the stop sign on Wendell Avenue, after which he made observations of traffic traveling in East Housatonic Street.  In terms of traffic from Mr. Gobel's left, it is expected that the evidence will be that all traffic was stopped, and

that there was an opening in that traffic through which Mr. Gobel could proceed, onto the other side of Wendell Avenue. As to traffic from Mr. Gobel's right, the only vehicle approaching was that of Jay Hopkins, and it was near the intersection with South Street, a sufficient distance such that Mr. Gobel could safely cross through the intersection. Jay Hopkins, traveling at or below the applicable speed limit, or alternatively, had he done anything to avoid the accident, such as braking, this accident never would have happened.

As to the plaintiff's damages, the defendants expect the evidence to show that her medical bills will be approximately $22,000.00, although there will be no claim for lost wages and/or impairment to earning capacity. As Dr. Miranda has not yet been deposed, it is uncertain as to his exact testimony as to the plaintiff's injuries, although certainly, he will comment about the nature and extent of the plaintiff's injury to her shoulder as a result of this accident.

Defendants Hopkins and Schardt:

The defendant, Cheryl Schardt was the owner of the motor vehicle that was involved in the accident on May 21, 2003. Mrs. Shard's daughter attended school in Pittsfield and allowed defendant, Jay Hopkins to use the vehicle for a short period of time. Mrs. Schardt does not have any other information regarding the accident.

The defendant, Jay Hopkins admits he was driving the vehicle with the permission of Mrs. Schardt's daughter on May 21, 2003. He states that he started from the intersection of South Street and East Housatonic Street in Pittsfield and was proceeding easterly on East Housatonic street. Mr. Hopkins states that he was driving at

approximately 30-35 miles per hours as he approached the intersection of East Housatonic Street and Wendell Avenue.  The accident occurred at approximately 4:15 p.m., and traffic was heavy on East Housatonic Street.  As Mr. Hopkins approached the intersection the defendant, John Gobel attempted to cross East Housatonic Street at Wendell Avenue and drove into the path of Mr. Hopkins. Mr. Hopkins denies he was negligent.

Mrs. Schardt and Mr. Hopkins have contested the extent and duration of Ms. Shehatou's injuries as well as her children's loss of consortium.

**2.	A statement of facts established by the pleadings, by admissions or by stipulations.  Counsel shall stipulate to all facts not in genuine dispute;**

a.	On May 21, 2003, defendant John Gobel was the driver of 1999 Nissan Pathfinder registered to P.Keyburn Hollister.  Mr. Gobel was operating the vehicle with the permission of Ms. Hollister.

b.	Plaintiff Teriza Shehatou was a back seat passenger in the motor vehicle being operated by John Gobel on May 21, 2003.

c.	At the same time and place on May 21, 2003, defendant Jay Hopkins was the driver of a 1992 Plymouth Sundance owned by Cheryl Schardt.  Cheryl Schardt's daughter gave Jay Hopkins permission to operate the motor vehicle.

d.	The motor vehicles driven by defendant's John Gobel and Jay Hopkins were involved in a collision within the intersection of public ways known as Wendell Avenue and East Housatonic Street in Pittsfield, Massachusetts.

    e.    Teriza Shehatou's date of birth is May 23, 1963.  She is forty-three years old presently.  The average life expectancy for Teriza Shehatou, based upon the United States National Vital Statistics, is 40.0 additional years.

**3.**    **Contested issues of fact;**

a.    Was the defendant John Gobel negligent?;

b.    Was the defendant Jay Hopkins negligent?;

c.    The percentage of negligence attributable to John Gobel and Jay Hopkins;

d.    The nature, extent and value of Teriza Shehatou's injuries;

e.    The nature, extent and value of the minor children's loss of consortium;

**4.**    **Any jurisdictional questions;**

None anticipated.

**5.**    **Any questions raised by pending motions;**

None presently.

**6.**    **Issues of law, including evidentiary questions, together with supporting authority;**

None anticipated.

**7.**    **Any requested amendments to pleading;**

None anticipated.

**8.**    **Any additional matters to aid in disposition of the case;**

The parties would benefit from an understanding of how the Court will "handle" the presentation of proof and defenses regarding the underlying motor vehicle tort case and the accompanying G.L. c. 176D claims.

**9.      The probably length of trial and whether jury or non-jury;**

The motor vehicle case will likely take two days to try. It is a jury trial. The G.L. c. 176D case (see separate pretrial memorandum) will likely require one additional day to try. A jury trial has been claimed but the Court will have to decide how it intends to utilize the jury, if at all, in deciding the G.L. c. 93A/176D issues.

**10.     A list of the names and addresses of witnesses who will testify at trial and the purpose of the testimony;**

a.  Teriza Shehatou, Baldwinsville, New York – liability and damages

b.  John Gobel, Pittsfield, Massachusetts – liability and limited testimony on damages.

c.  P.Keyburn Hollister, Pittsfield, Massachusetts – liability and damages.

d.  Jay Hopkins, address unknown – liability.

e.  William Kennedy, Pittsfield, Massachusetts – liability.

f.  Chad Grossgung, Pittsfield, Massachusetts – liability witness

g.  Anthony Dobrowlowski – liability witness

h.  Officer James McIntyre, Pittsfield Police Department – liability witness

i.  Cindy Louka, Baldwinsville, New York – damages

j.  Sally Louka, Baldwinsville, New York – damages

  k. Michael A. Miranda, M.D., Hartford, Connecticut - damages

  l. To the extent the medical records and bills are not agreed upon, Keeper of the Records for all health care providers identified in paragraph 11 below (trial exhibits).

**11. A list of the proposed exhibits to be offered at trial. Counsel shall distinguish those exhibits to be introduced without objection from those to be introduced with objection.**

 <u>Plaintiffs Proposed Exhibits:</u>

  a. Photos of accident location;

  b. Photos of John Gobel's motor vehicle after the collision;

  c. Photos of Hopkins' motor vehicle after collision;

  d. Teriza Shehatou's medical records from the following providers:

   1. Berkshire Medical Center;

   2. Berkshire Orthopedic-Herbert Bote, M.D.;

   3. Keith Madden, D.C.;

   4. Orthopedic Associates of Hartford, including records of Michael Miranda, and Physical Therapy Group;

   5. Chiropractic Care of Granby, John Hitchiner, D.C.,

   6. Hartford Hospital.

  e. Medical bills;

   1. Berkshire Medical Center - $5,403.69

   2. Berkshire Orthopedic-Herbert Bote, M.D. - $347

       3.       Madden Chiropractic - $980

       4.       Orthopedic Associates of Hartford (including physical therapy and Dr. Miranda) - $8,527

       5.       Chiropractic Care of Granby - $1,295

       6.       Hartford Hospital - $5,164.83

       TOTAL $21,717.52

<u>Defendants' Proposed Exhibits</u>:

The defendants do not anticipate offering any documents other than those listed by the plaintiff in her portion of the Pre-trial Memorandum, and as such, incorporates that section herein, by reference. These defendants are willing to stipulate to the authenticity and admission of the plaintiff's medical bills, described with particularity in Paragraph No. 11.

**12.    Any proposed jury instructions, special verdict form or special interrogatories. If counsel cannot agree on any particular instruction, special verdict questions or interrogatory, each party shall submit a proposed instruction, special verdict question or interrogatory in response to the opponent's proposal.**

 Filed separately by the parties.

Dated: November 9, 2006

                                          THE PLAINTIFFS

                                          By their attorneys,

|  |  |
|---|---|
|  | /s/ Chris S. Dodig_____ |
|  | Chris S. Dodig |
|  | BBO No. 556628 |
|  |  |
|  | For Donovan & O'Connor, LLP |
|  | 1330 Mass MoCA Way |
|  | North Adams, MA 01247 |
|  | Tel.: (413) 663-3200 |
|  | Fax: (413) 663-7970 |
| THE DEFENDANTS | THE DEFENDANTS |
| CHERYL SCHARDT and | P. KEYBURN HOLLISTER and |
| JAY HOPKINS | JOHN R. GOBEL |
|  |  |
| /s/ Kevin G. Murphy_____ | /s/ Thomas T. Beliveau_____ |
| Kevin G. Murphy, | Thomas W. Beliveau |
| BBO#  363110 | BBO No. |
| Pessolano, Dusel, Murphy & Casartello, PC | Fuller, Rosenberg, Palmer & Beliveau, LLP |
| 115 State Street, Fifth Floor | 340 Main Street, Suite 817 |
| Springfield, MA  01103 | Worcester, MA 01608 |
| (413) 781-4700 – phone | Tel.: (508) 755-5225 |
| (413) 781-0471 – fax | Fax: (508) 751-5155 |

CSD:klk