UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| TERIZA SHEHATOU, INDIVIDUALLY, )<br>CINDY LOUKA p.p.a. TERIZA )<br>SHEHATOU and SALLY LOUKA p.p.a. )<br>TERIZA SHEHATOU, )<br>    Plaintiffs )<br>)<br>v. )<br>)<br>ALLSTATE INSURANCE COMPANY )<br>and COMMERCE INSURANCE )<br>COMPANY, )<br>    Defendants )<br>)<br>) | Docket No. 05-30195-KPN |

JOINT PRETRIAL MEMORANDUM

NOW COME the parties and pursuant to Court Order dated September 14, 2006, hereby submit the following Joint Pretrial Memorandum with regard to the G.L. c. 93A and 176D aspect of this case. A separate pretrial memorandum is submitted simultaneously regarding the underlying motor vehicle tort case.

    **1.    A concise statement of the evidence that will be offered by all parties with respect to both liability and damages (including special damages, if any);**

    <u>Plaintiffs Statement</u>:    Plaintiffs will offer evidence that Teriza Shehatou was a passenger in a motor vehicle operated by John Gobel on May 21, 2003. The Gobel vehicle was involved in an intersection accident with a motor vehicle operated by Jay Hopkins. Plaintiff will offer evidence that this was a clear liability case against Mr. Gobel

(Commerce's insured) and Mr. Hopkins (Allstate's insured). Plaintiff will offer evidence that both Commerce and Allstate recognized that this was a clear liability case shortly after the accident occurred.

Plaintiff will offer evidence that on or about February 11, 2005, plaintiffs counsel sent a "demand letter" to Allstate and Commerce Insurance in an attempt to settle the claim. Plaintiff will offer evidence to show that Commerce Insurance and Allstate Insurance did very little to investigate the claim after receiving the demand letter. An excess of four months passed before an initial offer was even made. When the offer was made it was initially in the amount of approximately $34,000 and ultimately increased to $37,500. Plaintiffs medical bills in the case exceeded $21,700, she required arthroscopic shoulder surgery, and she had permanent limitations in range of motion and strength. Plaintiffs will offer evidence to show that the defendants violated G.L. c. 176D through, inter alia, their handling of this claim, through failing to make reasonably prompt offers of settlement and also through failing to make offers of settlement reasonably commensurate with the value of the case.

Defendant Allstate Insurance Company:

Allstate Insurance Company denies that it violated 176D or 93A. It expects that the evidence will indicate that this was not a clear case of liability but rather involved an intersection collision in which there was a question as to whether its insured operator was negligent, the insured operator having been on the main road and the other vehicle having pulled out of the side road from a stop sign. Allstate further maintains that the offer

which was made initially and in response to the demand letter was a reasonable one under all the circumstances, including the liability aspect of the case, the nature and extent of damages and the demand presented to it by counsel for the plaintiff.

<u>Defendants Commerce Insurance Company:</u>

The defendant Commerce will offer evidence that this case arises out of an intersection accident which occurred on May 21, 2003 at the intersection of Wendell St and East Housatonic St, Pittsfield. The plaintiff was involved in hearings with respect to her divorce at the Berkshire Probate Court. She was represented by P. Keyburn Hollister who was insured by Commerce for her personal auto. Ms Hollister contacted her office after court on May 21, 2003 and her partner Attorney Goebel agreed to drive to the courthouse and pick up the plaintiff and Ms Hollister and bring them back to the law office on Wendell St. Mr Goebel picked up the plaintiff and attorney Hollister at the courthouse and drove down Wendell St to the intersection with East Housatonic. He stopped at a stop sign. There was a line of traffic to Mr Goebel's right which was backed up from a traffic light on East Housatonic St. He saw one vehicle traveling on East Housatonic but that vehicle, being operated by defendant Hopkins, was far enough away that Mr Goebel considered that it was safe enough to proceed. Mr Goebel proceeded and Hopkins, operating at an increased rate of speed struck the rear passenger side quarter of the vehicle that Goebel was operating.

Commerce received the claim of the plaintiff in due course and investigated the happening of the accident. Commerce's insured operator, Goebel, maintained that the

accident was not his fault and provided a detailed statement which would support his claim that he was not liable for the happening of the accident. Commerce also obtained a statement from any independent witness, William Kennedy, who stated that the accident was caused by Hopkins. Therefore the liability against Commerce's insured was not reasonably clear at any time and because the case against the insured is defensible, there can be no liability against Commerce under chapter 93A or Chapter 176D.

Plaintiff 's attorney accumulated medical information and did not present any type of claim or demand to Commerce until early 2005. This demand was not a 93A demand but simply a settlement demand for $195,000. Commerce's adjuster assigned to the case and the person to whom the demand was addressed, Phil Curry , had a death in the family and took a leave of absence and the claim was assigned to Keryn McKeon. Ms McKeon familiarized herself with the file and requested additional medical records from the plaintiff's attorney to assist in evaluating the claim. Ms McKeon was aware that All State insured the other driver and she attempted to contact AllState to determine its position as to liability and damages. Ms McKeon was aware that its insured had a liability defense but that the plaintiff was a passenger and not subject to comparative negligence. Commerce decided that while there was a liability defense , it was a question of fact for a fact finder as to liability and therefore Commerce made an effort to settle the claim.

Plaintiff had a claim for an injury to her shoulder that ultimately required arthroscopic surgery. She had no claim for lost wages and she incurred medical bills of over $20000. She received $8000 in PIP benefits and Commerce's insured is entitled to

an offset of that amount against any verdict that the plaintiff receives. She did not submit any evidence of a permanent injury with her demand or her 93A letter. Commerce in an effort to attempt to resolve the claim offered approximately $17,095 to settle the claim which was 50% of the total value of the claim as determined by Commerce. This offer was made by letter dated June 2 ,2005 The Supreme Judicial Court in the case of Bobick v U.S.F.& G, 439 Mass 652(2003) held that an insurer may offer 50% of the value of a claim if there is a reasonable expectation that another party will be responsible for the other 50%. The 50% offer was based upon the expectation that All State would also make a settlement offer The plaintiff's attorney sent Commerce and All State 93A letters in the spring of 2005 and Commerce and All State made a joint offer of $36,400( 50% contribution from each carrier). Commerce's offer was a reasonable settlement offer even though in light of the questionable liability against its insured Commerce had no obligation under Chapter 93A and 176 D to make any offer. There is a good faith dispute as to the value of the plaintiff's claim and there is no evidence that Commerce has in any way acted in bad faith or has engaged in unfair settlement practices. Evaluation of personal injury claims is not an exact science and good faith disputes as to value are not actionable under Chapter 93A

**2.     A statement of facts established by the pleadings, by admissions or by stipulations.  Counsel shall stipulate to all facts not in genuine dispute;**

      a.      On May 21, 2003, defendant John Gobel was the driver of 1999 Nissan Pathfinder registered to P.Keyburn Hollister.  Mr. Gobel was operating the vehicle with the permission of Ms. Hollister.

      b.      Plaintiff Teriza Shehatou was a back seat passenger in the motor vehicle being operated by John Gobel on May 21, 2003.

      c.      At the same time and place on May 21, 2003, defendant Jay Hopkins was the driver of a 1992 Plymouth Sundance owned by Cheryl Schardt.  Cheryl Schardt's daughter gave Jay Hopkins permission to operate the motor vehicle.

      d.      The motor vehicles driven by defendant's John Gobel and Jay Hopkins were involved in a collision within the intersection of public ways known as Wendell Avenue and East Housatonic Street in Pittsfield, Massachusetts.

      e.      Teriza Shehatou's date of birth is May 23, 1963.  She is forty-three years old presently.  The average life expectancy for Teriza Shehatou, based upon the United States National Vital Statistics, is 40.0 additional years.

      f.      Defendant Allstate and defendant Commerce are engaged in the business of insurance within the scope of G.L. c. 176D.

      g.      On or about February 11, 2005, plaintiffs counsel sent a demand letter to defendant Allstate and defendant Commerce enclosing medical records and making a settlement demand of $195,000.

   h. On or about June 2, 2005, Commerce offered $17,095.58 to settle the claim against its insureds.  Subsequently in June 2005, Commerce and Allstate made a combined offer of $36,400 to settle the plaintiff's claims.

   i. On or about July 18, 2005, plaintiffs counsel sent a demand letter alleging violations of G.L. c. 93A and 176D to Allstate and Commerce.

   j. On or about August 1, 2005, Allstate responded in writing to the demand letter.

   k. On or about August 15, 2005, Commerce responded in writing to the demand letter.  Commerce reiterated the combined offer of $36,400.

   **3.** **Contested issues of fact;**

   a. Whether Commerce Insurance Company has violated G.L. c. 93A and 176D through it's actions, or lack thereof, with regard to investigation and settlement of this case;

   b. Whether Allstate Insurance Company has violated G.L. c. 93A and 176D through it's actions, or lack thereof, with regard to investigation and settlement of this case;

   c. Whether either Commerce or Allstate's violations of G.L. c. 93A and 176D were made with knowledge or reason to know that they violated said statutes;

   d. The nature and extent of the damages suffered by plaintiffs as a result of any violations of G.L. c. 93A and 176D committed by Allstate Insurance and/or Commerce Insurance;

e. Whether any award of damages based upon violations of G.L. c. 93A and 176D should be doubled or trebled;

f. The appropriate amount of attorneys fees and costs to award to the plaintiff (this should likely be decided post-judgment).

**4. Any jurisdictional questions;**

None.

**5. Any questions raised by pending motions;**

None.

**6. Issues of law, including evidentiary questions, together with supporting authority;**

a. The Court must determine the extent to which it will involve the jury in hearing and deciding the G.L. c. 176D and 93A issues.

**7. Any requested amendments to pleading;**

None.

**8. Any additional matters to aid in disposition of the case;**

The parties would benefit from an understanding of how the Court will "handle" the presentation of proof and defenses regarding the underlying motor vehicle tort case and the accompanying G.L. c. 176D claims.

**9. The probably length of trial and whether jury or non-jury;**

The motor vehicle case will likely take two days to try. It is a jury trial. The G.L. c. 176D case will likely require one additional day to try.

**10.    A list of the names and addresses of witnesses who will testify at trial and the purpose of the testimony;**

a.    All those witnesses identified within the pretrial memorandum pertaining to the underlying motor vehicle case;

b.    Commerce Insurance Company adjuster Keryn McKeon, Northbridge, Massachusetts;

c.    Allstate Insurance Company adjuster Theresa Sharpe, Hartford, Connecticut;

d.    Atty. Chris S. Dodig, North Adams, Massachusetts – if necessary, Atty. Dodig will testify with regard to "non-contested" issues such as when letters were sent and received.  Based upon discovery it appears that Atty. Dodig's testimony will not be necessary.

**11.    A list of the proposed exhibits to be offered at trial.  Counsel shall distinguish those exhibits to be introduced without objection from those to be introduced with objection.**

a.    All exhibits identified and introduced during the trial of the underlying motor vehicle tort case;

b.    February 11, 2005, demand letter from plaintiffs to defendants Allstate and Commerce;

c.    May 5, 2005, letter from plaintiffs to defendants Allstate and Commerce;

  d.  July 18, 2005, letter sent from plaintiffs' counsel to defendants Commerce and Allstate alleging violations of G.L. c. 93A and 176D;

  e.  August 1, 2005, response letter from Allstate Insurance;

  f.  August 15, 2005, response letter from Commerce Insurance;

  g.  Complete claims file of Commerce Insurance as was marked at the deposition of Keryn McKeon, Commerce adjuster including the claims file documents produced subsequently by letter of August 2, 2006;

  h.  Complete claims file of Allstate Insurance as was marked at the deposition of Theresa Sharpe, Allstate adjuster;

  i.  Any additional claims file documents that have been withheld pending resolution of the underlying motor vehicle tort case.

**12. Any proposed jury instructions, special verdict form or special interrogatories. If counsel cannot agree on any particular instruction, special verdict questions or interrogatory, each party shall submit a proposed instruction, special verdict question or interrogatory in response to the opponent's proposal.**

 Filed separately by the parties.

 Dated: November 11, 2006

             THE PLAINTIFFS

             By their attorneys,

             /s/ Chris S. Dodig_____

                                      Chris S. Dodig
                                      BBO No. 556628

                                      For Donovan & O'Connor, LLP
                                      1330 Mass MoCA Way
                                      North Adams, MA   01247
                                      Tel.:   (413) 663-3200
                                      Fax:   (413) 663-7970

| THE DEFENDANT | THE DEFENDANT |
|---|---|
| ALLSTATE INSURANCE COMPANY | COMMERCE INSURANCE COMPANY |
| | |
| /s/ Gerard R. Laurence | /s/ John F. Hurley |
| Gerard R. Laurence | John F. Hurley |
| BBO# | BBO No. |
| Milton, Laurence & Dixon | Pojani, Hurley, Ritter & Salvidio, LLP |
| 100 Front Street, Suite 1510 | 446 Main Street |
| Worcester, MA  01608 | Worcester, MA 01608 |
| Tel.:  (508) 791-6386 | Tel.:  (508) |
| Fax:  (508) 799-4879 | Fax:   (508) |

CSD:klk