UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| TERIZA SHEHATOU, INDIVIDUALLY, )<br>CINDY LOUKA p.p.a. TERIZA )<br>SHEHATOU and SALLY LOUKA p.p.a. )<br>TERIZA SHEHATOU, )<br>  Plaintiffs )<br>)<br>v. )<br>)<br>CHERYL L. SCHARDT, JAY A. )<br>HOPKINS, P. KEYBURN HOLLISTER, )<br>and JOHN R. GOBEL, )<br>  Defendants )  | Docket No.  05-30195-KPN |

PLAINTIFF'S REQUEST FOR JURY INSTRUCTIONS

  Now comes the plaintiff's and move the Court to give the jury the following instructions on the law:

  1. In cases such as the one before you, each operator of a motor vehicle has the "obligation to exercise that care which an ordinarily prudent person would use in like circumstances."  If you find that a motor vehicle operator has not fulfilled his obligation to use due care in operating his motor vehicle, then you have determined that this individual acted negligently.  Canane v. Dandini, 355 Mass. 72, 76 (1968).

  In an intersection accident, an operator of a motor vehicle "may be found to be negligent if he proceeds into the intersection before he can do so with reasonable prudence and with suitable regard for his own safety and that of others."  Id. at 76.

  2. The General Laws of Massachusetts set forth certain requirements for persons who operate motor vehicles on the roadways in Massachusetts.  These laws are intended to

provide for the safe and orderly movement of motor vehicles within the Commonwealth. The statutory requirements which pertain to this case are as follows:

    (a)    "[E]very driver of a vehicle approaching a stop sign…shall stop… After having stopped, the driver shall yield the right of way to any vehicle in the intersection or approaching on another roadway so closely as to constitute an immediate hazard…"  G.L. c. 89, § 9.

    (b)    "No person operating a motor vehicle on a way shall run it at a rate of speed than is greater than reasonable and proper, having regard to traffic and the use of the way and the safety of the public.  If a speed limit has been duly established…operation of a motor vehicle at a rate of speed in excess of such limit shall be prima facie evidence that such speed is greater than is reasonable and proper…"  G.L. c. 90 § 17.

Similarly, the City of Pittsfield has certain ordinances which set forth requirements for persons who operate motor vehicles on the roadways in Massachusetts. These ordinances are also intended to provide for the safe and orderly movement of motor vehicles within the Commonwealth. The ordinances which pertain to this case are as follows:

    (a)    "Every operator of a vehicle…approaching an intersection of ways where there exists facing him an official sing bearing the word "Stop,"…shall before proceeding through the intersection, bring such vehicle…to a complete stop…" Pittsfield City Ordinance, Section 13-32, **

    (b)    "The driver of any vehicle before starting…shall first see that such movement can be made in safety.  If such movement cannot be made in

safety, or if it interferes unduly with the normal movement or other traffic, said driver shall wait for a more favorable opportunity to make such movement." Pittsfield City Ordinance, Section 13-48.10. \*\*

I mention these statutory provisions and ordinances because there is a rule of law in this Commonwealth that if a statute or ordinance is written in such a way as to guard against the happening of a certain event, and someone violates the provisions of that statute or ordinance, so as to cause the happening of the event in which the statute or ordinance was designed to avoid, the violation of the statute or ordinance is evidence of the violator's negligence. (Morsman v. Brockton-Plymouth Street Railway Company, 205 Mass. 519 (1910) and Kralik v. LeClar, 315 Mass. 323 (1943)).

In the case before you, if you find, upon preponderance of all the evidence, that one or both of the defendants violated any one of the statutory provisions or ordinances which I have just mentioned, and you find that this violation was causally related to the happening of the collision, then you are to consider this violation as evidence of their negligence.

3.      If you are persuaded by a fair preponderance of the evidence that one or both of the defendants were negligent, you must then determine whether or not the plaintiff's suffered injuries as a result of that negligence. The plaintiff must prove by a preponderance of the evidence that defendants negligence was a substantial contributing factor in bringing about, or causing some injury or damage. This does not mean that the law recognizes only one proximate cause of an injury. On the contrary, many factors or things, or the conduct of two or more persons, may operate at the same time, either independently or together, to cause injury or damage; and in such a case, each factor or thing or the conduct of one or more persons may be a

proximate cause. Thus, if you are persuaded by the evidence that either Mr. Gobel or Mr. Hopkins negligence was a substantial contributing factor in bringing about some or all of plaintiff's injuries and damages, then the plaintiff's have sustained their burden on this aspect of the case.

    4.    Should you find that one or both of the defendants were negligent and that such negligence caused damage to the plaintiff, then you must consider the amount of damages that should be awarded. Although the burden is on the plaintiff to prove damages by a fair preponderance of the evidence, recovery will not be barred because there may be an element of uncertainty regarding the damages. The ultimate determination of damages can and must be left to your judgment as the jury and the damages awarded should be fair and reasonable.

The goal in awarding damages is to compensate fully for the plaintiff's injuries that were suffered as a result of the defendant's negligence. In other words, your award of damages should put the plaintiff in as good a position as she would have been if the motor vehicle crash had never happened.

In assessing the amount of damages for Teriza Shehatou, you may consider her past, present, and future physical pain and worry, mental suffering and anguish, temporary or permanent impairment or disability, and medical bills, past and future.

In arriving at the amount of this award, you should include:

    A.    The reasonable costs incurred by plaintiff to date as a result of any medical treatment or other health care treatment which you find was rendered to the plaintiff as a result of the negligence of any of the defendants. You should not speculate about whether some or all of

the medical bills might have been paid by another source, that is something that will be handled after your verdict is returned;

  B. The reasonable costs of any medical treatment or other health care treatment which has been shown by the evidence in the case to more likely than not be required in the future as a proximate result of defendant's negligence.  Again, you should not speculate about whether another source of payment might be available for those bills.  The plaintiff is entitled to recover for whatever expenses she proves are reasonably required to diagnose and treat any condition brought on by the accident or the resulting injuries.;

  C. (1) Any pain, suffering, mental anguish, mental suffering and worry already suffered by the plaintiff as a proximate result of defendant's negligence;

    (2) Any future pain, suffering, mental anguish, mental suffering and worry which you find the plaintiff is reasonably likely to suffer in the future as a proximate result of the defendant's negligence.

  D. Any past or future loss of enjoyment of life that the plaintiff has suffered.

  E. Any temporary and permanent injury, impairment, or disability that the plaintiff has suffered from or will suffer from in the future.

  5. Where there is a contention, as in the present case, that the plaintiff has some impairment or injury that is permanent, it is proper for the jury, in estimating the amount of compensation for the plaintiff, to take into consideration the probable duration of the plaintiff's life.  You may consider evidence with respect to life expectancy tables.  They are only statistical averages.  The plaintiff may have a longer or shorter life span than the average, but you may use that evidence for such help as it gives you in determining how long the plaintiff will live.  <u>Banks</u>

v. Braman, 195 Mass. 97, N.E. 799 (1907), Richard v. McKeown, 9 Mass. App. Ct. 838, 399, N.E. 2d 877 (1980).

      6.     If you find that some of plaintiff's injuries or impairments are permanent, you should include in your award at this time what you feel the plaintiff is entitled to for future mental and physical pain and suffering, for future mental anguish due to the nature of her injuries, and for impaired earning capacity. This is because she is entitled to only one recovery for her injuries, which you are to make at this time. She cannot come back years or even months from now and sue for additional money for problems which will develop in the future. You must therefore include in your award now any money you feel she will be entitled to in the future for injury, expense, pain or suffering. George v. Jordan Marsh Co., 359 Mass. 244, 268 N.E.2d 915 (1971), Stella v. Curtis, 348 Mass. 458, 204 N.E.2d 457 (1965), and Lewis v. Springfield, 261 Mass. 183, 158 N.E. 656 (1927).

    Dated: November 9, 2006

THE PLAINTIFFS

By their attorneys,

/s/ Chris S. Dodig _____
Chris S. Dodig, Esq.
BBO No. 556628
Donovan & O'Connor, LLP
1330 Mass MoCA Way
North Adams, MA  01247
Telephone:  (413) 663-3200
Fax:           (413) 663-7970

CSD:klk